ALD-046                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3208
_____

IN RE: MICHAEL J. ROBINSON,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 4:25-cv-01134)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 11, 2025
Before:  SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: December 23, 2025)
_____

OPINION[*]
_____

**PER CURIAM**

Michael J. Robinson has filed a pro se petition for a writ of mandamus asking us

to intervene in his civil action filed in the District Court.  We will deny the petition.

Robinson, a frequent litigant, filed a pro se civil complaint in the United States

District Court for the Middle District of Pennsylvania related to his unsuccessful

candidacy for Mayor of the City of Shamokin in Northumberland County, Pennsylvania.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In his complaint, Robinson alleged that government actors conspired to steal his mayoral seat and violate his constitutional rights. After the District Court provided Robinson two opportunities to amend his complaint and clarify his allegations, the assigned Magistrate Judge recommended that Robinson's second amended complaint be dismissed with prejudice for failure to sufficiently state a claim upon which relief could be granted. Robinson then filed his petition for a writ of mandamus. At the time of his filing, the District Court had not yet adopted the Magistrate Judge's Report and Recommendation, but the District Court has since adopted the Report and dismissed Robinson's second amended complaint with prejudice. Robinson has appealed this decision.

Robinson's numerous filings ask that we provide various forms of relief. In his supplemental mandamus petition, Robinson has included, *inter alia*: (1) an emergency motion to compel "this Court to follow its own rules"; (2) a request that we order the Middle District of Pennsylvania to produce all transcripts and videos in his District Court case; (3) a "triple-the-fines motion," asking us to fine the District Court for ignoring "every mandamus"; (4) a motion to "consolidate all mandamus petitions" into one proceeding; (5) a motion for an immediate protection order, which reiterates the relief sought in motions 1-4, and asks us to intervene in a criminal proceeding of a non-party named Travis Gower; and (6) a motion to "relate all cases and recognize nationwide RICO and ongoing election fraud." See CA No. 11 at 5, 6, 7, 8, 10, 14. In addition to his supplemental mandamus petition, Robinson has filed a motion asking us to stay state court proceedings, a motion to enforce the mandamus petition, which includes requests that we find District Court Judge Julia K. Munley in criminal contempt, issue an arrest

2

warrant for her if she "fails to purge," and "Enter RICO Treble Judgment" against her personally. See CA No. 18. In this same motion, Robinson also asks us to refer his case to the United States Attorney General Pam Bondi for prosecution and to vacate the District Court's "void" order dismissing his complaint. See id. Finally, Robinson has filed a motion for appointment of counsel, a motion for severance from the above-mentioned Travis Gower, and a motion to consolidate this case with the appeals docketed at C.A. No. 35-3208 (sic) and C.A. No. 25-3338.

A writ of mandamus is a drastic remedy that is available only in extraordinary cases. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378-79 (3d Cir. 2005). To obtain relief, a petitioner must show that he has no other adequate means to obtain relief, that he has a clear and indisputable right to the writ, and that the writ is appropriate under the circumstances. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam). Robinson has not made that showing here.

To the extent Robinson asks us to intervene in a state court case, we lack the authority to do so. *See In re Grand Jury Procs.*, 654 F.2d 268, 278 (3d Cir. 1981); *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam). We also generally lack jurisdiction to stay or enjoin state court proceedings. *See* 28 U.S.C. § 2283. To the extent Robinson seeks other relief, his unsupported assertions fail to demonstrate that he has an indisputable right to that which he seeks. To the extent he is dissatisfied with the District Court's judgment, he can pursue relief in his pending appeal.[1]

---

[1] To the extent Robinson purports to represent Travis Gower, a pro se litigant cannot represent someone else. *See Osei-Afriyie by Osei-Afriye v. Med. Coll. of Pa.*, 937 F.2d

3

Accordingly, we will deny the mandamus petition. Robinson's pending motions are denied.

---

876, 882 (3d Cir. 1991).